# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2621 | **DATE** | 4/21/2011 |
| **CASE TITLE** | Gus A. Paloian vs. O'Gara Coach Company, LLC | | |

**DOCKET ENTRY TEXT**

**Emergency motion hearing held on 4/21/2011. For the reasons that follow, defendant's motion to withdraw reference [2] is denied.**

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

O'Gara Coach Company, defendant in an adversary proceeding by plaintiff trustee Gus Paloian to void and recover allegedly fraudulent transfers, asks that this court's reference of the proceeding to the Bankruptcy Court be withdrawn. O'Gara contends that the proceeding involves issues of law that, according to the Seventh Amendment, must be resolved by a jury. Since the Bankruptcy Court cannot conduct jury trials of such matters without the parties' consent (*Matter of Grabill Corp.*, 967 F.2d 1152 (7th Cir. 1992)), and since O'Gara has not consented, it contends that the reference of the adversary proceeding here must be withdrawn.

A party's right to a jury trial of a bankruptcy adversary proceeding is considered waived if not asserted by both an initial jury demand and a motion under 28 U.S.C. § 157(d) to withdraw the Bankruptcy Court reference. *In re HA-LO Industries, Inc.*, 326 B.R. 116, 124 (Bkrtcy. N.D. Ill. 2005), citing *In re Latimer*, 918 F.2d 136, 137 (10th Cir. 1990). The terms of Section 157(d) permit withdrawal of a proceeding if a party makes a "timely" motion. A motion under Section 157(d) is timely if it is presented as soon as possible after the moving party has notice of the grounds for withdrawing the reference. *In re IQ Telecommunications, Inc.*, 70 B.R. 742, 746 (N.D. Ill. 1987). O'Gara argues that its motion here was timely because it was filed shortly after the close of discovery, and cites precedents denying motions for withdrawal as premature when the need for trial was not yet apparent. But none of the precedents cited by O'Gara establishes a rule that motions for withdrawal cannot be filed before the close of discovery or that they are timely if filed promptly after the close of discovery. This court therefore rejects the argument that the timeliness of O'Gara's motion is determined by the close of discovery rather than the time the basis for the motion was apparent.

In this case, Paloian's complaint against O'Gara was filed in September 2010. O'Gara filed its answer on October 28, 2010 and filed a jury demand with that answer. O'Gara's claim of right to a jury trial is based

| STATEMENT |
|---|

upon its assertion that the remedy sought by Paloian's complaint was legal in nature, and this court accordingly concludes that the basis for a motion to withdraw reference was apparent to O'Gara no later than the time of its answer. This conclusion is not contradicted by any contention that O'Gara's right to a jury was revealed in discovery or at any other point after the filing of its answer.

On March 16, 2011, the Bankruptcy Court scheduled trial of the proceeding for April 25, 2011. One day later, the court reiterated the trial date and set deadlines for the submission of witness lists. At this point, O'Gara was plainly alerted both that its right to a jury trial was implicated and that a trial in bankruptcy court was imminent. O'Gara nonetheless waited nearly a month before filing its motion to withdraw reference. On these facts, this court cannot conclude that the motion was filed within a reasonable period of the appearance of the basis of the right to seek withdrawal, nor can it conclude that the delay was an appropriate avoidance of a premature filing. For these reasons, O'Gara's motion for withdrawal of reference is denied.